Paul James Toscano, Bar #3280
Elizabeth A. Toscano, Bar #12697
Paul Toscano, P.C.
Newhouse Building, #614
10 Exchange Place
Salt Lake City, Utah  84111
Telephone:  (801) 359-1313
Facsimile:  (801) 359-1370
ptoscano@expresslaw.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re:<br><br>LARRY CROSBY BRINGHURST & KATHLEEN ANN SULLIVAN BRINGHURST<br><br>1402 West Ammon Way<br>South Jordan, UT 84095<br><br>SS#: xxx-xx-3947<br>SS#: xxx-xx-2789<br><br>Debtors | Case No.: 09-31244 RKM<br><br>Chapter:  7<br><br>FILED ELECTRONICALLY |

DEBTORS' OBJECTION TO
TRUSTEE'S MOTION FOR AN ORDER PURSUANT TO SECTION 363 OF THE
BANKRUPTCY CODE APPROVING THE SALE OF PERSONAL PROPERTY FREE
AND CLEAR OF LIENS AND INTERESTS

Larry Crosby Bringhurst and Kathleen Ann Sullivan Bringhurst, Chapter 7 debtors in

the above-captioned case ("Debtors"), by and through their counsel of record, hereby file their

Debtors' Objection to the Trustee's Motion for an Order Pursuant to Section 363 of the

Bankruptcy Code Approving the Sale of Personal Property Free and Clear of Liens and Interests ("Motion") on the following grounds:

1. In his Motion, the Trustee proposes to sell "as is" without warranties to buyer Anthony Fernlund, president of Second Process Corporation, for the sum of $6,005 cash at closing, subject to qualifying competing bids of not less than $7000 and on other terms and conditions stated in the Trustee's Motion, the following personal property ("Property"):

    a. The Chapter 7 estate's membership interest in Constable Bringhurst, LLC, also known as Constable Larry Bringhurst, LLC;

    b. The counterclaim/cross claim in lawsuit (Civ. No. 070916098) filed in the Third Judicial District Court and styled "Fernlund v. Bringhurst"; and

    c. The Chapter 7 estate's 100% membership interest in Salt Lake County Constable Company LLC, together with its web domain name and web site.

2. Because the Property consists of viable businesses entities whose business is the service of process by trained and licensed constables, the bidding process will be restricted to trained and licensed constables in the State of Utah; therefore, bidding is highly unlikely to draw any buyers other than Anthony Fernlund; therefore, in all likelihood, Anthony Fernlund will likely acquire the Property for $6005 cash at closing.

3. After the payment of the Trustee's commission, the Trustee's professional's fees, and the costs of sale, the remaining sale proceeds will return nothing to

unsecured creditors because there are scheduled in this case priority tax claims in excess of $74,000.

4. The Trustee and his professionals have the duty collect and sell assets for the benefit of the unsecured creditors and should receive no compensation from the sale of Property unless a concomitant benefit in the form of a return is made to the unsecured class.

5. The likelihood of a return to the unsecured class approaches zero in this case because after the payment of allowed administrative expenses any remaining sale proceeds must be applied to the payment of priority tax claims that are likely to receive only a small fraction of their claim amounts, if anything at all.

6. The proposed sale of Property is prejudicial to the priority tax claimants because it constitutes the sale of the Debtor's interests the post-petition operation of which by the Debtor Larry Crosby Bringhurst is the primary source of income available to pay the nondischargeable priority tax claims in the future; therefore, the sale of the Property for any amount less than the tax claims of the tax authorities listed in Schedule E constitutes a wasting of assets that could be used to benefit these creditors post-petition and thus may constitute a transfer either without adequate consideration or derogation of the rights of these creditors.

7. Furthermore the prospective and likely buyer of the Property is Anthony Fernlund, a possible debtor of the Chapter 7 estate and a party in litigation with the Debtor and with some of Debtor's business interest; thus, the proposed Sale to Anthony Fernlund is tantamount to a settlement with Fernlund without

expressly addressing the standards of *In re Kopexa Realty* that are binding on the Bankruptcy Court with respect to the approval of settlements.

8. The proposed sale of Property does not address tax consequences to the Chapter 7 estate or to the Debtors.

For these and other reasons, the Debtors request the Court to deny Trustee's Motion.

Dated this 7th day of January 2010

_____/S/_____
Paul Toscano, attorney for Debtors

## SERVICE LIST

*All parties requesting service via ECF*